WILLIAM S. McCOTTER *vs.* TOWN COUNCIL OF NEW SHOREHAM.

NEWPORT—JUNE 11, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *New Trial. Accident and Mistake. Appeal from Town Council.*

The sending of a registered letter containing the claim of an appeal from an order of a town council and a bond, four days before the expiration of the time allowed by law, and the failure of such letter to reach the town clerk in time, is within the meaning of the words "accident, mistake, or unforeseen cause," as used in Gen. Laws cap. 251, § 2, and referred to in section 3.

PETITION FOR A TRIAL. The facts are as follows : This is an appeal from an order of the town council of New Shoreham with reference to the layout of a highway in that town, entered January 2, 1899. The appellant, by his attorneys, prepared a notice of appeal, a bond in the sum of five hundred (500) dollars, with the Lawyers' Surety Company as surety, running to the town of New Shoreham, and a claim for jury trial, and forwarded the same by registered mail, postage prepaid, addressed to Edward P. Champlin, town clerk of New Shoreham, Block Island, Rhode Island, on the 7th day of February, 1899. The forty days within which an appeal could be taken expired on the 11th day of February, 1899. This registered package reached the Block Island post-office shortly before midnight on the 11th day of February, 1899, but was not received by the town clerk until the 16th day of February, 1899.

The attorneys for the appellant, to insure safe delivery, mailed said notice, claim for jury trial, and bond by registered postage, believing that the same would be forwarded to Block Island with the other mail matter on the 8th day of February, and in ignorance of the subsequently ascertained fact that registered mail was delivered at Block Island only twice each week. Said notice, claim, and bond were received by the postal officers in Providence just too late to be carried

by the boat sailing on the 7th day of February, and were detained until the sailing of the boat on the 11th day of February (the last day for claiming said appeal). Under ordinary conditions this boat would have reached Block Island in time to insure delivery of registered mail on the same day; but on account of unusual stress of weather, storms and otherwise, said boat was delayed, and said notice, claim, and bond did not reach the post-office at Block Island until shortly before midnight on the said 11th day of February, 1899, and were not received by said town clerk until the 16th day of February, 1899.

The appellant subsequently, and within fifty days from January 2d, 1899, filed in the office of the clerk of the Common Pleas Division of the Supreme Court in Newport his reasons of appeal, as required by law, and within one year from the entry of said order or decree filed his application for a trial under the provisions of sections 2 and 3 of chapter 251 of the General Laws.

Heard on petition of appellant for a trial, and trial granted. See same case reported in 21 R. I. 43, and 21 R. I. 425.

(1)    PER CURIAM. The court is of opinion that the sending of a registered letter containing the claim of an appeal and a bond four days before the expiration of the time allowed by law, and the failure of such letter to reach the town clerk in time, is within the meaning of the words "accident, mistake, or unforeseen cause," as used in Gen. Laws cap. 251, § 2, and referred to in section 3. *McCotter* v. *Town Council,* 21 R. I. 425.

Petition for a trial granted.

*Edwards & Angell*, for petitioner.

*C. E. Champlin*, for respondent.